IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Anthony F. Foster, individually and as )
personal representative of the estate of Dr. )
William P. Foster )
                                           )
      Plaintiff, )
                                           )      Case No. 4:11cv561-WS/WCS
vs. )
                                           )
Professional Video Resources, Inc., a )
Florida corporation and Harold E. Byrd, Sr. )
                                           )
      Defendants. )

## COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiff, Anthony F. Foster, individually and as personal representative of the estate of Dr. William P. Foster, by and through his undersigned attorneys, hereby brings this action against Defendants, Professional Video Resources, Inc., a Florida corporation ("PVR") and Harold E. Byrd, Sr. ("Byrd"), and alleges as follows:

1.     This is an action against Defendants, PVR and Byrd, for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, misappropriation of name or likeness in violation of section 540.08, *Florida Statutes* and for declaratory relief.

### PARTIES, JURISDICTION AND VENUE

2.     Dr. William P. Foster ("Dr. Foster") was an individual resident of Tallahassee, Leon County, Florida until his death on August 28, 2010. Plaintiff, Anthony F. Foster ("Foster"), is an individual resident of New York, New York. Foster is the personal representative of the estate of Dr. Foster, and Foster is the beneficiary entitled to receive all personal property of the decedent, Dr. Foster.

3. Defendant, Professional Video Resources, Inc. ("PVR" or "Defendant"), is a Florida corporation with its principal place of business in Tallahassee, Leon County, Florida.

4. Defendant, Harold E. Byrd, Sr., is an individual resident of Tallahassee, Leon County, Florida.

5. This Court has jurisdiction pursuant to the Copyright Act 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1331 for a federal question under the laws of the United States, and under 28 U.S.C. § 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a).

## BACKGROUND

7. Dr. Foster (a/k/a "The Law" and "The Maestro") is the creator of the world famous Florida A & M University ("FAMU") Marching "100" Band. Dr. Foster joined FAMU in June of 1946 as its band director and steadily elevated the band to international recognition through the time of his retirement as band director in 1998 (at which point Dr. Foster was elevated to the position of Eminent Scholar and became the first holder of the Foster Edmonds Endowed Chair at FAMU). Dr. Foster's innovative techniques revolutionized the way band directors throughout the world practice band pageantry, and Dr. Foster has been credited with developing at least 30 new marching band techniques.

8. After retiring from his position as the FAMU band director in 1998, Dr. Foster, Byrd, Clinton F. Byrd and Dr. Joseph L. Webster, Sr. created the William P. Foster Foundation, Inc. (the "Foundation") as a non-profit corporation with the charitable purpose of raising money to help fund scholarships for band students to attend FAMU. A true and correct copy of "Article XIV-Incorporating Officers" for the Foundation is attached hereto as **Exhibit A**.

9. Around September of 2000, Dr. Foster decided to write a book about his life story. Dr. Foster wrote the book entitled *The Man Behind the Baton* (the "Book") which is mainly an autobiographical account of Dr. Foster's time as band director at FAMU from 1946 until 1998.

10. Dr. Foster registered the book with the United States Copyright Office after finishing the book in 2001. A true and correct copy of the copyright registration from the United States Copyright Office website showing a registration number of TXu001024676 and registration date of January 22, 2002 is attached hereto as **Exhibit B.**

11. From 2002 through approximately November 2004, Dr. Foster and Byrd worked together to promote the Foundation by selling copies of the Book and soliciting donations for the Foundation.

12. Around the middle of 2004, Dr. Foster discovered that Byrd was mismanaging the money received by the Foundation and not distributing that money for the charitable purposes that the Foundation was created. Instead, Dr. Foster discovered that Byrd was using the Foundation as his own personal piggy bank and diverting the proceeds from the Book and the Foundation's donations for his own personal gain.

13. After learning that Byrd was mismanaging the Foundation's money, Dr. Foster took legal action and demanded that the Foundation be dissolved and immediately cease and desist the sale of the Book and the solicitation of donations.

14. Byrd delayed the dissolution of the Foundation for many months but finally agreed to dissolve the Foundation effective November 14, 2005. A true and correct copy of the Articles of Dissolution for the Foundation are attached hereto as **Exhibit C**.

15. Despite the dissolution and acting without authority to do so, Byrd created a Copyright Assignment, dated November 23, 2005, in which he attempted to assign all rights the Foundation

had to the Book and related copyrighted material (the "Copyrighted Material") to the Friends of FAMU Libraries, Inc. (the "Friends of FAMU"). A true and correct copy of the attempted Copyright Assignment is attached hereto as **Exhibit D.**

16. After the dissolution, Dr. Foster discovered that Byrd was still illegally creating and selling Copyrighted Material and soliciting donations for the Foundation.

17. Upon information and belief, Byrd continued to illegally create Copyrighted Material and solicit donations for the Foundation.

18. On January 30, 2006, Dr. Foster obtained a letter from the Florida Department of Agriculture & Consumer Service confirming that any solicitation of funds for the William P. Foster Foundation, Inc. was improper. Dr. Foster sent this letter to Byrd to advise him that his actions were illegal and in violation of state and federal law. A true and correct copy of the January 30, 2006 letter from the Florida Department of Agriculture & Consumer Service is attached hereto as **Exhibit E.**

19. From 2006 through the time of his death on August 28, 2010, Dr. Foster continued to try and put a stop to Byrd selling Dr. Foster's Copyrighted Material and soliciting donations for the Foundation. During this time, Dr. Foster would pay his attorneys to send Byrd demand letters and threaten litigation. Byrd would respond by temporarily stopping his illegal activity and then recommence illegally selling the Copyrighted Material and soliciting donations for the Foundation.

20. On October 25, 2010, less than two months after Dr. Foster's death, Byrd filed a supplemental copyright registration with the United States Copyright Office, attempting to assert that he owns the copyrights to the Book. A true and correct copy of the October 25, 2010 supplemental copyright registration for the Book is attached hereto as **Exhibit F.**

21. Byrd did not have the authority to file this registration and does not own the copyrights to the Book or the Copyrighted Material.

22. Byrd and PVR continue to create, market and sell copies of the Book, Copyrighted Material and other material that contains Dr. Foster's name, pictures, voice and other likeness. Upon information and belief, Byrd and PVR also continue to illegally solicit donations for the Foundation for their own personal gain. A true and correct copy of order forms showing Byrd and PVR's sale of the Book on September 22, 2011 and October 5, 2011 is attached hereto as **Exhibit G.** A true and correct copy of printouts from Byrd and PVR's website showing their marketing of the Book, Copyrighted Material and Dr. Foster's name, pictures, voice and other likeness is attached hereto as **Exhibit H.**

23. Byrd and PVR have sold and distributed copies of the Book and the Copyrighted Material in the United States.

24. All conditions precedent to maintaining this action have occurred or have been satisfied or otherwise waived by Defendant.

25. Plaintiff has retained the undersigned attorneys to represent his interest herein and is obligated to pay them a reasonable fee for their services.

### COUNT I – COPYRIGHT INFRINGEMENT--BYRD AND PVR

26. Plaintiff realleges all of the allegations set forth in paragraphs 1 to 25 above.

27. Plaintiff is the owner and holder of the copyrights in and to the Book and the Copyrighted Material, which are original to Plaintiff and constitute copyrightable subject matter under Title 17 of the United States Code.

28. Plaintiff has complied with all statutory formalities under Title 17 of the United States Code to maintain this action for copyright infringement.

29. Defendants, through their agents and representatives, had access to the Book and the Copyrighted Material.

30. Defendants, through their agents and representatives, have infringed upon the exclusive rights afforded Plaintiff in and to the Book and the Copyrighted Material in violation of 17 U.S.C. §§ 101 *et seq.* by, among other acts of infringement, copying the Book and the Copyrighted Material and/or causing or contributing to the actions of another in copying the Book and the Copyrighted Material and/or in importing and/or distributing such materials in the United States.

31. Upon information and belief, Defendants caused, solicited and induced another party to produce the infringing material.

32. The conduct of Defendants set forth herein has been without the permission, consent or license of Plaintiff.

33. Defendants' conduct as set forth herein constitutes copyright infringement.

34. Plaintiff has suffered damages as a result of the copyright infringement.

## COUNT II -- COMMERCIAL MISAPPROPRIATION--BYRD AND PVR

35. Plaintiff realleges all of the allegations set forth in paragraphs 1 to 25 above.

36. This is an action for injunctive relief and damages in accordance with section 540.08, *Florida Statutes*.

37. Defendants published, displayed, or otherwise publicly used for commercial purposes the name, portrait, photograph or other likeness of decedent, Dr. Foster, without written or oral consent to such use in violation of section 540.08.

38. Accordingly, Defendants commercially misappropriated decedent, Dr. Foster's, right to publicity as set forth in section 540.08 and caused decedent and his estate damages and injuries including denial of reasonable royalties and other compensation.

### COUNT III – DECLARATORY RELIEF--BYRD AND PVR

39. Plaintiff realleges all of the allegations set forth in paragraphs 1 to 25 above.

40. This is an action for declaratory relief.

41. Plaintiff and Defendants dispute various issues concerning the copyrights to the Book and the Copyrighted Material, and Plaintiff is in need of a declaration of his rights under the circumstances of this action.

42. Plaintiff accordingly is in need of a declaration of his rights and seeks a declaration that:

    a. Byrd was not authorized to file the October 25, 2010 supplemental copyright registration for the Book;

    b. Byrd was not authorized to create or execute the November 23, 2005 Copyright Assignment;

    c. The copyrights to the Book and the Copyrighted Material are owned by Plaintiff;

    d. Byrd and PVR are not entitled to any rights and/or copyrights to the Book or the Copyrighted Material;

    e. Byrd and PVR are not entitled to use decedent, Dr. Foster's, name, portrait, photograph(s) and/or other likeness for commercial purposes;

    f. As a result of Defendants' illegal activity, Plaintiff has been damaged in an amount to be determined;

g. Plaintiff is entitled to recover his damages from Defendants together with attorney's fees and costs and such other relief as the Court deems just.

**WHEREFORE**, as relief to the foregoing counts, Plaintiff prays:

(1)   As to all Counts, that Defendants, their agents, employees, servants, privies, successors and assigns, and all persons acting in concert, participation or combination with Defendants, be temporarily, preliminarily, and permanently enjoined from all acts of copyright infringement (including any distribution of the Book or Copyrighted Material into the United States contrary to statutory and/or contractual obligations of Defendants to Plaintiff) and misappropriation of name or likeness;

(2)   As to all Counts, that Defendants, their agents, employees, servants, privies, successors and assigns, and all persons acting in concert, participation or combination with Defendants, be ordered to turnover to Plaintiff all copies of the Book and Copyrighted Material including but not limited to all unsold books and videos, including CDs and DVDs and other forms of media;

(3)   As to Count I, that Defendants be required to pay to Plaintiff damages in a sum to be determined at trial, including but not limited to, actual damages, damages to reputation and to the value of Plaintiff's copyrighted works, and an accounting for all gains, profits and advantages derived by Defendants, or, alternatively, statutory damages as specified in 17 U.S.C. § 504(c)(2) for willful infringement of not more than One Hundred and Fifty Thousand ($150,000) nor less than Seven Hundred And Fifty Dollars ($750) for each work infringed by Defendants;

(4)   As to Count II, that Defendants, their agents, employees, servants, privies, successors and assigns, and all persons acting in concert, participation or combination with

Defendants, be temporarily, preliminarily, and permanently enjoined from using decedent, Dr. Foster's, name, portrait, photograph and/or other likeness for commercial purposes;

(5) As to Count II, that Defendants be required to pay to Plaintiff damages as a result of Defendants' inappropriate actions including damages based on what a reasonable royalty would have been and punitive or exemplary damages in accordance with section 540.08(2), *Florida Statutes*.

(6) As to all Counts, an accounting from Defendants of (i) all revisions, editions or translations prepared of any works of Plaintiff, (ii) all sales of those works, and (iii) all royalties paid to Plaintiff on those sales;

(7) As to all Counts, that Plaintiff be awarded the costs of this action, together with a reasonable attorney's fee; and

(8) As to all Counts, that Plaintiff be awarded such other, further, and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Ben R_____*

Frederick D. Page
Florida Bar No. 968587
Beau A. Baker
Florida Bar No. 36833
Attorney for Plaintiff
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (Facsimile)
Email:  fred.page@hklaw.com
          beau.baker@hklaw.com