## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into this 17th day of September 2012, by and between:

Anthony F. Foster individually and as personal representative of the estate of Dr. William P. Foster, on one hand, and

Harold E. Byrd, Sr. and Professional Video Resources, Inc. on the other hand.

(Where no distinction is made herein, "Party" and "Parties" refer respectively to any or all of the above referenced parties to this Agreement depending on the context)

### DEFINITIONS

The following definitions apply to the stated terms as used in this Agreement:

1. "Agreement" means this Settlement Agreement;

2. "Foster" means Anthony F. Foster individually and as personal representative of the estate of Dr. William P. Foster and the Foster Trust ("Dr. Foster") and any current and/or former agents, employees, officers, directors, shareholders, representatives, attorneys, affiliates, subsidiaries, parent companies, predecessors, successors, parents, principals, heirs, and assigns and/or the agents, representatives, attorneys, predecessors, successors, heirs, and assigns of any of the foregoing;

3. "Byrd" means Harold E. Byrd, Sr. and any of his current, future and/or former agents, predecessors, successors, heirs, and assigns and/or the agents, representatives, attorneys, predecessors, successors, heirs, and assigns of any of the foregoing;

4. "PVR" means Professional Video Resources, Inc. and any current and/or former agents, employees, officers, directors, shareholders, representatives, attorneys, affiliates, subsidiaries, parent companies, predecessors, successors, parents, principals, heirs, and assigns and/or the agents, representatives, attorneys, predecessors, successors, heirs, and assigns of any of the foregoing;

5. "Defendants" means Byrd and PVR and any current and/or former agents, employees, officers, directors, shareholders, representatives, attorneys, affiliates, subsidiaries, parent companies, predecessors, successors, parents, principals, heirs, and assigns and/or the agents, representatives, attorneys, predecessors, successors, heirs, and assigns of any of the foregoing; and

6. "Effective Date" means the date on which this Agreement is fully executed.

1

## RECITALS

WHEREAS, Foster instituted a lawsuit against Defendants alleging that Defendants 1) committed copyright infringement by using or misusing Foster's copyrights to the book *The Man Behind the Baton* (the "Book") 2) misappropriated and continue to misappropriate Dr. Foster's name and likeness by using Dr. Foster's name and likeness on Defendants' website and in other marketing media and 3) improperly registered a supplemental copyright (Registration number TXu001373043) to the Book in the name of Byrd (the "Supplemental Copyright Registration"). The lawsuit is styled *Anthony F. Foster, individually and as personal representative of the estate of Dr. William P. Foster v. Professional Video Resources, Inc., a Florida Corporation and Harold E. Byrd, Sr.*, United States District Court for the Northern District of Florida Case No.: 4:11cv561 (the "Lawsuit");

WHEREAS, Defendants deny the allegations Foster has made in the Lawsuit and do not, by signing this Agreement, admit to any wrongdoing on the part of Defendants;

WHEREAS, Byrd claims that Byrd wrote the Book as a work for hire and claims that he has not been paid for his writing of the Book. Byrd claims that Foster owes Byrd $65,000 for writing and producing the Book. Byrd claims that he repossessed the copies of the Book (referenced below) for lack of payment and claims that he filed the Supplemental Copyright Registration because he wrote the Book as a work for hire and was not paid for his time. Byrd reserves the right to pursue payment for writing and producing the Book through the Court system;

WHEREAS, Foster denies the claims that Byrd is making and does not, by signing this Agreement, admit to any wrongdoing or debt allegedly due to Byrd or anyone else. Foster claims that any even if any debt was allegedly due to Byrd, any such claims would be clearly time barred by the applicable statutes of limitation, statutes of repose or other applicable law;

WHEREAS, Defendants have already taken steps necessary to cancel the Supplemental Copyright Registration and terminate Defendants' and/or Byrd's claim to the copyrights of the Book. A copy of the United States Patent and Trademark office documentation showing cancellation of the Supplemental Copyright Registration is attached to this Agreement as **Exhibit A**;

WHEREAS, Defendants have in their possession (and Defendants claim it is in their possession because Byrd wrote and produced the Book) certain electronic and/or written copies of, iterations of or materials pertaining to the Book (the "Book Materials"). There is no reason for Defendants to retain the Book Materials. Defendants agree to destroy the Book Materials within 20 days of the date of execution of this Agreement;

WHEREAS, Defendants have previously assigned to the Friends of FAMU Libraries, Inc. **exactly** one thousand six hundred ninety-two (1692) copies of the Book which represent a portion of the copies of the Book originally published (the "Existing Book Copies"), and the Friends of FAMU Libraries, Inc. now has possession of and claims to own the Existing Book Copies;

2

WHEREAS, Defendants claim that they are the legal produces and owners of all DVDs mentioned in this Agreement and claim that they are the copyright owners of all DVDs mentioned in this Agreement; and

WHEREAS, the Parties wish to enter into this Settlement Agreement to clarify that Byrd and/or Defendants do not have any rights to the copyright to the Book and are not at this time authorized to use or misappropriate Dr. Foster's name and likeness in the future.

NOW, THEREFORE, for the consideration expressed herein and other valuable consideration, the receipt and sufficiency of which are acknowledged by all Parties, the Parties agree as follows:

## COVENANTS AND RELEASE

1. <u>Recitals</u> Each of the Parties acknowledge and represent that the recitals above are true and correct and the Definitions set forth above shall apply when those terms are used herein.

2. <u>Dismissal of Lawsuit and Attorneys' Fees</u> The Parties agree that each party will bear all of its own costs and attorneys' fees with respect to the matters settled herein and will in no event seek to recover from any other Party any costs or legal fees incurred through and including the Effective Date. Within a reasonable time after the execution of this Settlement Agreement, Foster and Defendants (through their respective attorneys) will file a joint stipulation of voluntary dismissal without prejudice of the Lawsuit with each party to bear that party's own attorneys' fees and costs with the Court retaining jurisdiction to enforce the terms of this Agreement.

3. <u>Extinguishment and assignment of claims to copyrights</u> Defendants agree that they have no copyright or copyrights to the Book, and by this agreement Defendants hereby assign to Foster any rights they may have or could claim to a copyright or copyrights to the Book. Defendants also agree that they have no copyright or copyrights to the book *Band Pageantry; A Guide for the Marching Band* by Dr. William P. Foster (the "Band Pageantry Book"), and by this agreement Defendants hereby assign to Foster any rights they may have or could claim to a copyright or copyrights to the Band Pageantry Book.

4. <u>Non-use of Dr. Foster's name and likeness</u> Defendants agree to remove Dr. Foster's name and likeness from their website (www.pvrvideos.com) within twenty (20) days of execution of this Agreement and not use Dr. Foster's name and/or likeness in the future for any purpose in marketing materials unless legally authorized to do so by Florida A&M University. Defendants also agree to remove from their website and not repost to their website, unless legally authorized to do so by Florida A&M University, all reference to Dr. Foster, all reference to HEB Publishing as the publisher of the Book and all pictures of Dr. Foster. Finally, Defendants agree to remove from their website and not repost to their website, unless legally authorized to do so by Florida A&M University, all reference to the following DVD's and CD's 1) Dr. William P. Foster: The Man Behind the Baton-DVD; 2) Dr. William P. Foster: A Conversation About His Life Experiences-DVD; 3) Dr. William P. Foster: Strike Up the Band-DVD; 4) Dr. William P. Foster: Artist of the Century-DVD; and 5) Dr. William P. Foster: Florida Artists Hall of Fame-DVD (the "DVDs").

3 

Defendants have stated that Florida Agricultural and Mechanical University ("FAMU") may authorize or license Defendants in the future to sell the DVDs and/or the Existing Book Copies. Defendants agree not to sell or distribute the DVDs and/or the Existing Book Copies unless and until authorized or licensed by FAMU to sell them.

Nothing in this Agreement is intended to restrict the Defendants from using Dr. Foster's name and/or likeness in a lawful or legal manner as incidental to the sale of existing DVDs or the Existing Book Copies if FAMU authorizes or licenses Defendants to sell the DVDs and Existing Book Copies as currently produced. At the same time, nothing in this Agreement is intended to authorize or license Defendants to use Dr. Foster's name and/or likeness in the future, and Foster does not give up any rights Foster may have to sue Defendants in the future for misappropriation of Dr. Foster's name and/or likeness by signing this Agreement.

5. **Return and destruction of Book Materials** Defendants have in their possession the Book Materials. Defendants agree to destroy all additional Book Materials in Defendants' possession within twenty (20) days of the execution of this Agreement. Defendants also agree not to disseminate or give to any person any Book Materials.

6. **Full and Complete Agreement** This Agreement memorializes the entire agreement made on this date and sets forth a complete and final agreement and understanding of the Parties, and there have been no oral or written representations, promises or understandings between the Parties with respect to this Agreement except as expressly contained herein and that the terms of this Agreement are contractual and not mere recitals. No modification or waiver of any of the provisions shall be valid unless made in writing and signed by the Party against whom such modification or waiver is sought to be enforced. None of the Parties have made any statement, representation, or warranty which has been relied upon by any other Party hereto or which has been an inducement to enter into this Agreement.

7. **Understanding of the Agreement** The Parties hereby state that they have carefully reviewed every term and provision of this Agreement, individually and, if desired, with their counsel. The Parties further state that they understand and agree to each and every term of this Agreement. In addition, the Parties further state that each is entering into this Agreement of his, her, or its own free will, and that there has been no threat that has caused any Party to enter into this Agreement. Accordingly, this Agreement shall be construed as if all of the Parties have drafted the Agreement.

8. **Severability** Nothing contained herein shall be construed so as to require the commission of any act contrary to the law, and wherever there is any conflict found to exist between any of the provisions contained herein and any federal or state statute, law, ordinance or regulation, the latter shall prevail, or if any court shall determine a provision of this Agreement void or voidable for any reason, any provision of this Agreement which is so effected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law, and the remainder of the Agreement, if practicable, will remain in full force and effect.

9. **Binding on Successors** All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the Defendants and their respective heirs, legal

4 

representatives, successors, and assigns and upon Foster and their respective heirs, legal representatives, successors and assigns.

10. <u>Anti-Waiver</u>  No waiver by any of the Parties of any default or breach of any provision of this Agreement shall constitute a waiver of any further or succeeding breach of the same or of any other provision hereof.

11. <u>Counterpart Provision</u>  This Agreement may be executed in counterparts, and each such counterpart shall be deemed an original. Copies of this Agreement and the signatures thereon shall have the same force and effect as if the same were original documents. Facsimile or scanned electronic signatures are acceptable and shall be deemed to be original signatures.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AND GENERAL RELEASE AGREEMENT, HAVE HAD THE OPPORTUNITY TO REVIEW THE TERMS THEREOF WITH COUNSEL OF THEIR CHOICE, FULLY UNDERSTAND THE AGREEMENT, EXECUTE THIS AGREEMENT AS THEIR OWN FREE ACT SIGNIFYING THEIR ACKNOWLEDGEMENT AND ACCEPTANCE OF THE TERMS HEREOF AND DO SO WITH FULL AUTHORITY TO AGREE TO BE BOUND BY ITS TERMS.

5 

_[signature]_
Anthony R. Foster, individually and as personal representative of the estate of Dr. William P. Foster

STATE OF __New York__

COUNTY OF __New York__

The foregoing instrument was acknowledged before me this __12__ day of __September__, 2012 by __Wendy Peralta__. __Anthony Foster__ has produced __NY Driver's License__ as identification.
(SEAL)

_____

Notary Public-State of __New York__
Commission Number: __01PE6249587__   _[signature]_

WENDY P PERALTA
Notary Public - State of New York
No. 01PE6249587
Qualified in New York County
My Commission Expires Oct. 11, 2015

6

_____
Harold E. Byrd, Sr.

STATE OF FLORIDA

COUNTY OF LEON

The foregoing instrument was acknowledged before me this 17th day of September, 2012, by Harold E. Byrd, Sr., who is personally known to me or who has produced _____ as identification.

(SEAL)

_____
Notary Public-State of Florida
Commission Number:

Professional Video Resources, Inc.

BY: _____

ITS: President

DATE: 17th September, 2012

STATE OF FLORIDA

COUNTY OF LEON

The foregoing instrument was acknowledged before me this 17th day of September, 2012, by Harold E. Byrd, Sr., as President, of Professional Video Resources, Inc., on behalf of the company, and is personally known to me or has produced _____ as identification.

(SEAL)

_____
Nancy Hough
Notary Public-State of Florida
Commission Number: #DD 846146

8